United States District Court

Eastern District of California

Patrick R. Holley, Sr.,

    Plaintiff,                       Civ. No. S 04-2006 MCE PAN P

  vs.                             Order on Request for Counsel

California Department
of Corrections, et al.,

    Defendants.

-oOo-

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action. Plaintiff moved for appointment of counsel on October 14, 2005.

In proceedings that do not threaten a litigant with loss of physical liberty, there presumptively is no right to appointed counsel. <u>Lassiter v. Department of Social Services</u>, 452 U.S. 18, 26-27 (1981). Section 1915(e)(1) of Title 28 confers discretion upon the court to request counsel represent an indigent civil

1  litigant. <u>Mallard v. District Court</u>, 490 U.S. 296 (1989).
2      In deciding whether to appoint counsel the court exercises
3  discretion governed by a number of factors, including the
4  likelihood of success on the merits and the applicant's ability
5  to present his claims in light of their complexity. <u>Weygandt v.</u>
6  <u>Look</u>, 718 F.2d 952, 954 (9th Cir. 1983); <u>see also</u>, <u>LaMere v.</u>
7  <u>Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987). Ordinarily the
8  presumption of regularity in the state's procedures for confining
9  prisoners suggests a lack of likely success and counsels against
10 appointment of counsel. <u>See</u> <u>Maclin v. Freake</u>, 650 F.2d 885, 887
11 (7th Cir. 1981). As a general rule, the court will not appoint
12 counsel unless the applicant shows his claim has merit in fact
13 and law. <u>Id.</u> Even if the applicant overcomes this hurdle, the
14 court will not appoint counsel if the law is settled and the
15 material facts are within the plaintiff's possession, viz., they
16 do not require investigation outside the prison walls. <u>Id.</u> at
17 887-88.
18     Here, plaintiff alleges his constitutional rights were
19 violated when defendants punished him for refusing to comply with
20 the grooming standards. The law governing this issue familiar to
21 the court and investigation outside the prison walls is
22 unnecessary to discover material facts. There is, on the record
23 before the court, no reason to believe appointment of counsel
24 would be of significant benefit.
25 ///
26 ///

1  Plaintiff's October 14, 2005, request for the appointment of
2  counsel therefore is denied.
3  So ordered.
4  Dated: October 25, 2005.

          /s/ Peter A. Nowinski
          PETER A. NOWINSKI
          Magistrate Judge