IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK RONALD HOLLEY,

    Plaintiff,   No. CIV S-04-2006 MCE PAN P

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.   FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner confined at the California Medical Facility. He seeks damages and injunctive relief upon the ground defendants Youngblood, Davis, Aronsen, Veal, Jones, Moreno and Williams violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and under the Equal Protection Clause of the Fourteenth Amendment by punishing him for refusing to cut his hair as required by the California Department of Corrections and Rehabilitations' grooming standards and by forcing him to cut his hair. Defendants have answered the complaint.

    Plaintiff seeks an order barring defendants from punishing him for refusing to cut his hair and directing all disciplinary sanctions previously imposed for violating the grooming

1 policy be lifted. Defendants have filed no opposition.

2       The purpose in issuing a temporary restraining order is to preserve the status quo
3 pending a fuller hearing. The cases contain limited discussion of the standards for issuing a
4 temporary restraining order due to the fact that very few such orders can be appealed prior to the
5 hearing on a preliminary injunction. It is apparent however, that requests for temporary
6 restraining orders which are not ex parte and without notice are governed by the same general
7 standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v.
8 Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch.
9 Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);
10 Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the
11 emphasis of the court is directed to irreparable harm and the balance of hardships because the
12 merits of a controversy are often difficult to ascertain and adjudicate on short notice.

13       The legal principles applicable to a request for injunctive relief are well
14 established. To prevail, the moving party must show either a likelihood of success on the merits
15 and the possibility of irreparable injury, or that serious questions are raised and the balance of
16 hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122
17 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,
18 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal
19 point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376.
20 "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat
21 of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm,
22 the court need not reach the issue of likelihood of success on the merits. See id.

23       In cases brought by prisoners involving conditions of confinement, any
24 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
25 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
26 correct the harm." 18 U.S.C. § 3626(a)(2).

It appears plaintiff's injunctive relief claim under RLUIPA concerning prospective threat of harm is moot.  Effective January 17, 2006, the Office of Administrative Law filed emergency changes to the prison grooming standards with the Secretary of State.  <u>See</u> Cal. Code Regs tit. 15, § 3000-3210.  These standards replaced the former 1997 grooming standards, which required male inmates to keep their hair short.  (<u>See</u> <u>Andreozzi v. Davis</u>, CIV S-02-0796 GEB CMK P, Defs.' Mot. to Dismiss and Opp'n to Pl.'s Mot. for Prelim. Inj., Ex. A).[1]  Under the modified grooming regulations, inmates are permitted to wear their hair long and to wear beards as specified.  <u>See</u> Cal. Code Regs tit. 15, § 3062(e).  Braids and cornrows are permissible.  <u>See</u> Cal. Code Regs tit. 15, § 3062(g).  As an emergency provision, the modified regulations are subject to a 160 period of public comment before being considered final.  (<u>See</u> <u>Andreozzi v. Davis</u>, CIV S-02-0796, Defs.' Mot. to Dismiss and Opp'n to Pl.'s Mot. for Prelim. Inj., Ex. A).  However, the regulations are now being applied at California State Prisons.  <u>See</u> <u>id.</u>  Former restrictions on hair length are no longer in effect.  <u>See</u> <u>id.</u>

In the instant case, plaintiff is seeking injunctive relief under RLUIPA to prevent prison officials from cutting his hair and/or punishing him for refusing to have his hair cut.  His claim is based on prison policies which, as of January 17, 2006, were drastically modified and no longer restrict inmate hair length.  <u>See</u> Cal. Code Regs tit. 15, § 3000-3210.  Plaintiff's claim does not fall into the category of claims that are "capable of repetition, yet evading review." <u>See</u> <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 (9th Cir. 1995).  In <u>Dilley</u>, the Ninth Circuit held that "[t]his exception to the mootness doctrine applies when (1) the challenged action is too short in duration to be fully litigated prior to its expiration and (2) there is a reasonable expectation that the injury will occur again." <u>Id.</u>  Here, however, the challenged grooming regulations were in effect for approximately nine years and may have changed as a result of litigation similar to the

---

[1] A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

instant action.  Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005).[2]  There is no reasonable expectation that prison officials will, in light of the new regulations, discipline plaintiff for wearing his hair long in accordance with his religious beliefs.  Accordingly, the undersigned finds that, in light of the new grooming regulations, there no longer exists a threat of irreparable harm, and plaintiff's motions for injunctive relief should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's March 21, 2005, September 26, 2005, October 14, 2005, November 3, 2005 and December 28, 2005 motions for temporary restraining order and/or preliminary injunction be denied (Docket Nos. 10-1, 10-2, 22, 24, 31, & 38.)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 23, 2006.

UNITED STATES MAGISTRATE JUDGE

001; holl2006.tro

---

[2] A state substantially burdens religion when it imposes a "significantly great restriction or onus upon such exercise," or "denies an important benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs."  Warsoldier, 418 F.3d at 995.  Forcing a prisoner to choose between his religion and conforming to prison rules so as to have basic privileges and to remain disciplinary-free constitutes a substantial burden.  Warsoldier, 418 F.3d at 996.