IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK RONALD HOLLEY,

    Plaintiff,                      No. CIV S-04-2006 MCE PAN P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner confined at the California Medical Facility. He seeks damages and injunctive relief contending that defendants Youngblood, Davis, Aronsen, Veal, Jones, Moreno and Williams violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and under the Equal Protection Clause of the Fourteenth Amendment by punishing him for refusing to cut his hair as required by the California Department of Corrections and Rehabilitations' grooming standards and by forcing him to cut his hair. Defendants have answered the complaint.

        On October 14, 2005, plaintiff filed a motion to amend his complaint. Plaintiff seeks leave to file a second amended complaint in an effort to clarify his retaliation claims. Plaintiff appended a proposed second amended complaint. Plaintiff has not named any new

1

defendants. Defendants have not filed an opposition. Good cause appearing, plaintiff's motion to amend will be granted. The Clerk of the Court will be directed to file plaintiff's second amended complaint appended to the October 14, 2005 motion and file and docket it as a separate docket entry entitled "Second Amended Complaint." Defendants shall file an answer within thirty days.

On January 11, 2006, plaintiff filed a motion for summary judgment. Defendants have filed a request for extension of time to oppose that motion. However, because plaintiff has been granted leave to amend, and discovery is still ongoing, plaintiff's motion for summary judgment is premature and will be denied without prejudice to plaintiff's right to file a similar motion after discovery has closed. Defendants' January 27, 2006 motion will be denied as moot.

On December 9, 2005, plaintiff filed a motion to compel discovery. Plaintiff seeks an order compelling defendants to further respond to request for production numbers 3, 4, 5, 6, 7. The court has reviewed defendants' objections and find them well taken. Appended to plaintiff's motion to compel is a copy of defendants' response to No. 3, for example, to which is attached a print-out of plaintiff's administrative appeals. (Pl.'s Motion, Attachment A, at 45-50.) This document reflects that plaintiff has filed many appeals, many of which are unrelated to the instant grooming claim. With regard to "original copies of 602 administrative appeals filed by plaintiff," defendants responded that the inmate maintains these originals. Moreover, as defendants note, plaintiff seeks documents that he may access personally through his central file. In addition, defendants have stated they will contact the California Medical Facility and request that plaintiff be allowed to review his central file. Accordingly, plaintiff's motion to compel further production responsive to number 3, 4, 5, 6 and 7 will be denied.

Plaintiff seeks an order compelling defendants to respond to requests for production numbers 9, 10, 11, 16, 17 and 18 which seek a broad range of documents demonstrating that other inmates have sustained disciplinary violations, filed administrative appeals concerning these grooming regulations and were denied exemption from the grooming

regulations even for religious purposes. Defendants object that information concerning other inmates are irrelevant to plaintiff's claims and that disclosure of this information would violate other inmates' right to privacy and may present security concerns. Plaintiff contends this information is relevant to the issue of damages, specifically to enable him to pursue punitive damages.

This court finds that this discovery is not reasonably calculated to lead to discovery admissible at trial and will therefore deny plaintiff's motion to compel requests for production numbers 9, 10, 11, 16, 17 and 18.

Finally, plaintiff contends that in his response to interrogatory number 10, defendant Veal failed to identify the document and hearing officer of the disciplinary report. In defendants' opposition, counsel stated defendant Veal would supplement his discovery response. Accordingly, plaintiff's motion to compel further response to this interrogatory is granted. Defendant Veal shall supplement his discovery response, under oath, within twenty days from the date of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 14, 2005 motion to amend the complaint is granted; defendants shall file an amended answer within thirty days.

2. The Clerk of the Court is directed to docket plaintiff's second amended complaint appended to the October 14, 2005 motion as a separate docket entry entitled "Second Amended Complaint."

3. Plaintiff's January 11, 2006 motion for summary judgment is denied without prejudice to its renewal after the close of discovery.

4. Defendants' January 27, 2006 request for extension is denied.

5. Plaintiff's December 9, 2005 motion to compel is granted as to the interrogatory to defendant Veal. Defendant Veal shall supplement his discovery response, under

/////

1  oath, within thirty days from the date of this order.  In all other respects plaintiff's motion to
2  compel is denied.
3  DATED: February 27, 2006.

UNITED STATES MAGISTRATE JUDGE

7  001; holl2006.cuo