IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK R. HOLLEY, Sr.,

      Plaintiff,           No. CIV S-04-2006 MCE PAN (JFM) P

  v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.        <u>ORDER</u>

                          /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Two motions and one request are presently before the court.

        On April 6, 2006, plaintiff filed a motion to compel discovery.  Defendants have filed an opposition.  Plaintiff has filed a reply.

        In his complaint, plaintiff alleges defendants Youngblood, Davis, Aronsen, Veal, Jones, Moreno and Williams violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and under the Equal Protection Clause of the Fourteenth Amendment by punishing him for refusing to cut his hair as required by the California Department of Corrections and Rehabilitations' grooming standards and by forcing him to cut his hair.

        Plaintiff seeks to compel further responses to plaintiff's second request for

1

1     production of documents.  The court will address the requests seriatim:

2         Request No. 1:  "All documents which relate to individual financial assets of each

3     Defendant, and their monetary net worth and yearly personal salaries."

4         Request No. 2:  "All documents which relate to the financial assets of each

5     Defendant in their official capacity, and their monetary net worth."

6         Defendants' objections are well taken.  Plaintiff's motion to compel further

7     responses to Requests Nos. 1 and 2 will be denied.

8         Request No. 3:  "All documents which relate to the financial condition of the

9     California Correctional Peace Officer Association, and its monetary net worth."

10         The Association is not a party to this action.  Thus, its financial status is irrelevant

11     herein.  Plaintiff's motion to compel will be denied.

12         Request No. 4:  "All documents which reflect Defendants' legal fees incurred as a

13     result of this litigation."

14         This information is irrelevant and not reasonably likely to lead to the discovery of

15     admissible evidence.  Plaintiff's motion to compel will be denied.

16         Request No. 5:  "All documents which identify each person in this action

17     ("Defendants"), and their legal defense team."

18         Defendants' objections are well taken.  Plaintiff's motion to compel will be

19     denied.

20         Request No. 6:  "All documents which reflect monies paid to Defendants'

21     counsel, including but not limited to paralegals, legal assistants, secretaries, etc., resulting from

22     this litigation."

23         This information is irrelevant and not reasonably likely to lead to the discovery of

24     admissible evidence.  Plaintiff's motion to compel will be denied.

25         Request No. 7:  "Identify all documents produced in requests 1 through 6."

26         Because defendants did not identify any documents pursuant to this request for

1  production, no documents were identified in response to this request.  Defendants' response was

2  appropriate; plaintiff's motion to compel will be denied.

3          Request No. 8:  "Identify all documents which reflects insurance policies for the

4  California Department of Corrections and Rehabilitation, solely set aside for litigation purposes

5  (e.g., settlements, coverage for attorney fees, etc.) and the type and amount of coverage."

6          This information is irrelevant and not reasonably likely to lead to the discovery of

7  admissible evidence.  Plaintiff's motion to compel will be denied.

8          Request No. 9:  "Identify all documents which reflect union dues paid by

9  Defendants to the CCPOA (Note:  All requests are from May 2004 through the present)."

10          This information is irrelevant and not reasonably likely to lead to the discovery of

11  admissible evidence.  Plaintiff's motion to compel will be denied.

12          On May 5, 2006, plaintiff filed another motion to compel discovery.  On May 12,

13  2006, defendants filed a request for extension of time to oppose the motion.  On May 23, 2006,

14  defendants filed a timely response.  Defendants' request for extension will be granted.

15          Plaintiff seeks to compel a response to plaintiff's third request for production of

16  documents, Request No. 1, which sought:

17      All documents which relate to In re Corey Williams, Case No. SC
    133840A (February 2004) and Warsoldier v. Woodford, Case No.:

18      04-55879, DC No. CV-04-02233 - RSWL (July 2005)(Note:  these
    documents are relevant to establish the material issues as alleged in

19      the second-amended complaint, paragraph 4, 5, 19, and 20.)

20          However, as defendants note, these documents are a matter of public record.

21  Plaintiff may obtain this information from the appropriate court clerk.  These files are not in the

22  defendants' custody, possession or control.  Thus, defendants' objections are well taken and

23  plaintiff's motion to compel will be denied.

24          Plaintiff also asks the court to order defendant Veal to provide a "short and

25  concise statement of the case" regarding In re Corey Williams, "any and all information of the

26  conclusion of the case including settlement if reached, and all documents of such information,"

1   and to "identify all persons who assisted in the preparation of this request."  (Motion, Ex. 2A.)

2          Defendant Veal objected that these requests required him to conduct plaintiff's

3   legal research for him and that the language "any and all information of the conclusions of the

4   case" was vague and ambiguous.  Defendants' objections are well-taken and plaintiff's motion

5   will be denied.

6          Finally, on June 2, 2006, plaintiff filed a request for the court to order defendants

7   to provide plaintiff with a copy of his deposition transcript.  There is no statutory requirement for

8   the government to provide a litigant proceeding in forma pauperis with copies of deposition

9   transcripts.  See 28 U.S.C. § 1915(d); cf. Tabron v. Grace, 6 F.3d 147, 158-59 (3d Cir.1993)

10  (finding no abuse of discretion because there is no authorization for the court to commit federal

11  money to provide indigent litigants with copies of deposition transcripts).  However, defendants

12  are required to provide plaintiff copies of any portions of plaintiff's deposition transcript used to

13  support a motion for summary judgment.  Accordingly, plaintiff's motion to compel defendants

14  to provide plaintiff with a copy of the deposition transcript free of charge is denied.

15         Good cause appearing, IT IS HEREBY ORDERED that:

16         1.  Plaintiff's April 6, 2006 motion to compel discovery is denied.

17         2.  Plaintiff's May 5, 2006 motion to compel discovery is denied.

18         3.  Defendants' May 12, 2006 request for extension of time is granted; their May

19  23, 2006 opposition is timely filed.

20         4.  Plaintiff's June 2, 2006 motion to compel defendants to provide plaintiff with a

21  copy of his deposition transcript free of charge is denied.

22  DATED: July 18, 2006.

23

24                                         UNITED STATES MAGISTRATE JUDGE

25

26  /001; holl2006.mtc

4